**Slip Op. 08-136**

## UNITED STATES COURT OF INTERNATIONAL TRADE

NATIONAL FISHERIES INSTITUTE,
INC., ET AL.,

      Plaintiffs,

      v.

UNITED STATES BUREAU OF
CUSTOMS AND BORDER
PROTECTION,

      Defendant.

**Before: Timothy C. Stanceu, Judge**

**Court No. 05-00683**

## PUBLIC OPINION & ORDER

[Denying, without prejudice, plaintiffs' motion to substitute parties]

Dated: December 17, 2008

*Steptoe & Johnson LLP* (*Eric C. Emerson*, *Gregory S. McCue*, and *Michael A. Pass*) for plaintiffs.

*Gregory G. Katsas*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Stephen C. Tosini*); *Chi S. Choy*, Office of Assistant Chief Counsel, International Trade Litigation, Customs and Border Protection, United States Department of Homeland Security, of counsel, for defendant.

Stanceu, Judge: Plaintiffs move under USCIT Rule 25(c) to substitute a party in this litigation. Defendant opposes the motion, arguing that the substitution plaintiffs propose is prohibited by the Anti-Assignment Act, 31 U.S.C. § 3727 (2000). The court will deny plaintiffs' motion because plaintiffs have not alleged facts under which the proposed substitution of parties would be permissible.

Plaintiffs seek to substitute High Liner Foods Incorporated ("High Liner") for current plaintiff Ocean Cuisine International, a division of FPI Limited ("FPI"). Mot. to Substitute Party (Public) 1 ("Pls.' Mot. (Public)"). In support of the motion, plaintiffs cite FPI's December 20, 2007 press release announcing that High Liner purchased certain of FPI's assets, specifically, FPI's "North American Marketing and Manufacturing business, including value added processing facilities in Danvers, Massachusetts and Burin, Newfoundland and Labrador." *Id.* at 1-2. Plaintiffs also state that FPI's importer numbers were terminated on January 14, 2008 and that thereafter, imports of subject merchandise were made using High Liner's importer number and continuous entry bond. *Id.* at 2. Plaintiffs state that "[t]his substitution in no way seeks to enlarge or amend Plaintiffs' amended complaint to include bonds other than those listed" and that they "seek only to substitute FPI with High Liner with respect to those bonds already subject to this proceeding . . . ." *Id.*

USCIT Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." USCIT R. 25(c). To grant plaintiffs' motion, the court first must identify an interest that has been transferred from FPI to High Liner and that stands to be affected by the outcome of this litigation. On the facts plaintiffs have stated in their motion, the court is unable to identify such an interest.

This case involves, *inter alia*, challenges to bond sufficiency determinations by United States Customs and Border Protection. Plaintiffs acknowledge that High Liner's participation in this case would be confined to bonds already subject to this litigation. Plaintiffs, however, have

not informed the court whether High Liner is now obligated to the United States on the entries that are covered by those bonds, on which entries High Liner was not the importer of record. Nor have plaintiffs explained whether, or how, High Liner became the principal on those bonds.[1]

Although plaintiffs state that "[t]he name Ocean Cuisine International has been retired," it appears to the court that the interest in question may still reside with FPI. The court notes, in this regard, that plaintiffs state a fact causing the court to conclude that Ocean Cuisine International may not have capacity to sue in this case. Plaintiffs have represented that Ocean Cuisine International is an operating division of FPI, formerly known as Fishery Products International Ltd. Pls.' Mot. (Public) 1; Form 13, Feb. 24, 2006. An operating division of a corporation, which is not a separate legal entity, would not have the capacity to sue. *See EEOC v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71, 75-76 (D.D.C. 1999) (discussing "a line of precedent holding that unincorporated divisions of a corporation lack legal capacity to be sued"); USCIT R. 17(b). On the facts as stated by plaintiffs in support of their motion, the court has no reason to conclude that FPI is no longer the principal on the bonds at issue. The fact that the name Ocean Cuisine International is no longer in use does not lend support to plaintiffs' motion.

In conclusion, the facts stated in plaintiffs' motion do not afford the court a basis to conclude that the proposed substitution of High Liner for FPI would satisfy USCIT Rule 25(c). The court, therefore, does not reach the issue of whether the proposed assignment would violate

---

[1] Plaintiffs state in their motion that "High Liner has [

].'' Mot. to Substitute Party (Confidential) 2. Plaintiffs' statement, [

] does not resolve the court's questions concerning High Liner's interest in this litigation.

the prohibitions in 31 U.S.C. § 3727 with respect to assignment of claims against the United

States.

For the foregoing reasons, and in consideration of all submissions and proceedings

herein, it is hereby

**ORDERED** that plaintiffs' Motion to Substitute Party, filed on October 14, 2008, is
hereby DENIED without prejudice.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: December 17, 2008
New York, New York